BERRYMAN et al. v. ROYSTON BANK et al.

There was no error in sustaining the demurrer and dismissing the petition.
APRIL 15, 1916.

Equitable petition. Before Judge Meadow. Madison superior court. July 26, 1915.

*A. S. Johnson,* for plaintiffs. *S. B. Swilling,* for defendants.

HILL, J.    T. B. Berryman and J. C. Bagwell brought a petition against W. M. Davis, as sheriff, and the Royston Bank, and alleged in substance as follows:    The defendants had advertised and were seeking to sell a certain tract of land belonging to Berryman, one of the petitioners, under an execution issued in favor of the Royston Bank against the plaintiffs. During the prosecution of the original suit "the whereabouts" of T. V. Bagwell, the principal on the note sued on, was unknown to either of the petitioners, and a consultation with him as to the amount of money that he really received from the Royston Bank, which was the consideration of the note sued on, "was impossible through the utmost diligence on the part of" petitioners.    Since the rendition of the judgment and the issuance of the execution, which is now being levied on the land, petitioners have discovered where T. V. Bagwell is, and have ascertained from him that the note which was given to the Royston Bank, upon which petitioners were sureties, was tainted with usury, which fact was unknown to them at the time of its execution and was not discovered by them until after the rendition of the judgment.    The note contained a waiver of homestead, and was "tainted with usurious interest, unknown to petitioners, who signed same as sureties."    The plaintiffs were "not in any manner guilty of laches in ascertaining their legal rights, but failed to do so until it was too late to set up these facts in defence to the suit on the note."    They are remediless at law, and can secure relief only in a court of equity, and irreparable injury will result if the land advertised is allowed to go to sale.    The Royston Bank knew, when it accepted the note, that it was tainted with usury, and that it contained a waiver of homestead; and it was incumbent on the bank to prove that the plaintiffs as sureties knew the note contained usurious interest at the time of its execution.    It was prayed that the defendants be enjoined from selling the land levied upon, and that the execution be delivered up and canceled. The defendants filed a general and a special demurrer, which the court sustained; and the plaintiffs excepted.

The allegations with respect to the duty of the bank to prove that the sureties on the note knew that the note contained usurious interest are not pertinent to an action to enjoin an execution on the ground that the plaintiffs, for the reason alleged, failed to ascertain and set up the defense of usury when the judgment upon

which the execution is founded was rendered. The plaintiffs' right to proceed in equity to set aside the judgment is dependent upon a sufficient showing that it was the result of fraud, accident, or mistake, or the acts of the opposite party, unmixed with negligence on their part. This the plaintiffs wholly fail to do. Succinctly stated, the plaintiffs' case rests on allegations that they became sureties for a principal who signed a note tainted with usury and containing a waiver of homestead; their principal obtained a discharge in bankruptcy; and while the original suit was being prosecuted to judgment against them as sureties, they did not know where their principal was, and "a consultation with him as to the amount of money that he really received" from the defendant bank "was impossible through the utmost diligence on the part of" the plaintiffs, coupled with a general allegation that they had not been guilty of laches, but failed to discover their legal rights until too late to set them up. They do not even allege affirmatively that they used any diligence at all. The averments are entirely insufficient to make out any case calling for relief at the hands of a court of equity; and the court properly sustained the demurrer and dismissed the petition.

Counsel for the defendants in error ask the court to award damages against the plaintiffs in error, on the ground that it appears that the case was brought to this court for delay only. Without considering the merits of this contention, it is sufficient to state that the judgment complained of in this case is not for a sum certain, so as to enable this court to award damages as permitted by the Civil Code (1910), § 6213. *Brantley* v. *Buck,* 62 *Ga.* 172; *Pittsburgh-Bartow Mining &c. Co.* v. *Washington Trust Co.,* 137 *Ga.* 232 (73 S. E. 367).

*Judgment affirmed. All the Justices concur.*